No. 03-032

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 143N

THOMAS L. BURSON,

       Plaintiff and Appellant,

  v.

MONTANA DEPARTMENT OF PUBLIC
HEALTH AND HUMAN SERVICES, CHILD
SUPPORT ENFORCEMENT DIVISION,

       Defendant and Respondent.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
                 In and for the County of Lincoln, Cause No. DV-02-12,
                 The Honorable Michael C. Prezeau, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Thomas L. Burson, *Pro Se*, Libby, Montana

      For Respondent:

      Ann Hefenieder, Special Assistant Attorney General, Montana
      Department of Public Health and Human Services, Billings, Montana

Submitted on Briefs:  April 24, 2003

Decided:  May 20, 2003

Filed:

_____
                          Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1	Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2	Thomas L. Burson brought this action in the Nineteenth Judicial District Court, Lincoln County, to remove the suspension of his driver's license for child support arrears, on various constitutional grounds. The District Court granted the Department of Public Health and Human Services, Child Support Enforcement Division (CSED) summary judgment. Burson appeals and we affirm.

¶3	The issues are whether the District Court erred in denying Burson's claims that the law authorizing such a suspension of his license is unconstitutionally vague and the suspension violates his constitutional rights to substantive due process, to equal protection of the laws and to pursue life's basic necessities.

¶4	We have determined to decide this case pursuant to our Order dated February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. On the face of the briefs and record before us, it is manifest that the appeal is without merit. The first three issues are clearly controlled by settled law which the District Court has correctly interpreted. The District Court did not rule on the fourth issue, whether the suspension of Burson's license violates his constitutional right to pursue life's

2

basic necessities under Article II, Section 3 of the Montana Constitution. However, Burson has failed to provide any on-point authority to support his argument on that issue, as is required under Rule 23(a)(4), M.R.App.P. Settled Montana law establishes that we will not consider an argument for which the litigant has failed to provide support. *See Johansen v. State, Dept. of Natural Resources*, 1998 MT 51, ¶ 24, 288 Mont. 39, ¶ 24, 955 P.2d 653, ¶ 24.

¶5 Affirmed.


/S/ KARLA M. GRAY


We concur:

/S/ JIM REGNIER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

3